Cite as: 570 U. S. \_\_\_\_ (2013)          1

# SUPREME COURT OF THE UNITED STATES

_____

No. 12–6355

_____

## RICARDO MARRERO, PETITIONER *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE THIRD CIRCUIT

[June 27, 2013]

The motion of petitioner for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Third Circuit for further consideration in light of *Descamps* v. *United States*, 570 U.S. \_\_\_ (2013).

JUSTICE ALITO, with whom JUSTICE KENNEDY joins, dissenting

The Court's decision to grant, vacate, and remand shows that the Court's elaboration of its "modified categorical" approach has completely lost touch with reality.

In this case, the Court of Appeals for the Third Circuit held that petitioner qualifies as a career offender for purposes of the United States Sentencing Commission, Guidelines Manual §4B1.1 (Nov. 2012), based in part on a prior conviction under Pennsylvania law for simple assault, Pa. Stat. Ann., Tit. 18, §2701(a) (Purdon 2000), which applies to a defendant who "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." Based on what petitioner said when he pleaded guilty to this offense, the Court of Appeals concluded that petitioner had admitted—and had thus been convicted of—intentional or at least knowing conduct and not simply reckless conduct. See 677 F. 3d 155, 160–162 (2012). I see nothing lacking in the Court of Appeals' analysis.

The Pennsylvania statute is "divisible" because it contains alternative elements. See *Descamps* v. *United States*, *ante,* at 1–2, 6. Under this Court's precedents, the modified categorical approach applies to divisible statutes, see *ante,* at 6, 23, and courts applying that approach may consult the plea colloquy to "determin[e] which statutory phrase . . . covered a prior conviction," *Nijhawan* v. *Holder*, 557 U. S. 29, 41 (2009); see *Shepard* v. *United States*, 544 U. S. 13, 20 (2005).

When petitioner pleaded guilty, this is what was said:

> "'[Assistant District Attorney]: On . . . April 27, 2004, . . . [petitioner] grabbed Mrs. Marrero by the neck, attempting to drag her upstairs to the second floor. When she tried to make a phone call, he ripped the phone cord out of the wall as she was attempting to call 911.'"
> "'The Court: Do you admit those facts?'"
> "'The Defendant: Yes, Sir.'" 677 F. 3d, at 158 (quoting plea colloquy).

In sending this case back to the Third Circuit for a second look, this Court is apparently troubled by the possibility that petitioner was convicted merely for reckless conduct, and it is of course true that he did not say expressly that he intentionally or knowingly grabbed Mrs. Marrero by the neck or that he intentionally or knowingly attempted to drag her up a flight of stairs. The Court may be entertaining the possibility that what petitioner meant was that he grabbed what he believed to be some inanimate object with a neck—perhaps a mannequin named Mrs. Marrero—and attempted to drag that object up the steps. In that event, his conduct might have been merely reckless and not intentional or knowing.

The remand in this case is pointless. I would deny the petition and therefore dissent.